UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 96-CV-1045 (JFB) (CPP)

———————————

DAHI RAHEIM,

Plaintiff,

VERSUS

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, JOE MERIZALDE, SGT.
CALDERON AND JOHN CAMART,

Defendants.

———————————

MEMORANDUM AND ORDER
August 14, 2007

———————————

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Dahi Raheim ("Raheim") brings the instant action against NYC Health and Hospitals Corporation ("HHC"), Officer Joe Merizalde (" Merizalde"), Sergeant Edgar Calderon ("Calderon") and Officer John Camart ("Camart") (collectively "defendants") alleging, *inter alia*, claims for violations of his civil rights under 42 U.S.C. § 1983.

On February 20, 2004, plaintiff first moved for entry of default and a default judgment against defendant Calderon because of Calderon's failure to appear for his deposition. On February 19, 2004, the Court issued an Order to Show Cause in connection with the motion by the Corporation Counsel of the City of New York to withdraw as Calderon's attorney because they were unable to locate or contact him, and he was no longer employed by the City of New York. A conference was held before the Court on March 5, 2004 and, although Calderon was ordered to appear at that conference, he failed to attend.

In a Report and Recommendation issued on March 11, 2004, the Honorable Cheryl L. Pollak, United States Magistrate Judge, recommended that a default judgment be entered against Calderon, and ordered that the remaining defendants be precluded from calling Calderon as a witness at trial and that the jury be permitted to draw a negative inference from his failure to appear. On April 5, 2004, the Report and Recommendation was adopted in full by the Honorable Raymond J. Dearie, United States District Judge. On

October 27, 2006, plaintiff requested entry of a default judgment against Calderon. At a conference on February 13, 2007, counsel for defendants reported to the Court that Calderon had been located, that he had not been receiving court documents because of problems with his address, and that he wished to participate in the lawsuit. On March 6, 2007, Calderon filed a motion to file a late opposition to plaintiff's motion for entry of a default judgment, and also seeking to vacate the March 11, 2004 order, to the extent it precludes defendants from calling Calderon at trial, and permits the jury to draw a negative inference from his non-appearance.[1] For the reasons that follow, plaintiff's motion for entry of default is denied and defendant's motion to vacate the March 11, 2004 order is granted.

I. BACKGROUND

A. Facts of the Case

Plaintiff originally filed this action on March 8, 1996, alleging claims under 42 U.S.C. § 1983 for false arrest, malicious prosecution and excessive force, as well as state law claims for slander and intentional infliction of emotional distress against HHC, Merizalde, Calderon and Camart. (*See* Compl. ¶¶ 36-62.) The claims arise out of an incident that took place on November 25, 1995, when the plaintiff took his son to Coney Island Hospital for treatment and the police responded to a dispute between plaintiff and the hospital staff. On September 28, 2005, defendants filed a motion for partial summary judgment or, in the alternative, for bifurcation of the action. On January 3, 2006, Judge Dearie granted defendants' motion for partial summary judgment as to plaintiffs' negligence and federal constitutional claims against the HHC. (Jan. 3, 2006 Memorandum and Order.) Judge Dearie also granted summary judgment on plaintiff's state claims for slander and intentional infliction of emotional distress. (*Id.*) On February 27, 2006, plaintiff moved for reconsideration of Judge Dearie's order, pursuant to Federal Rule of Civil Procedure 59. This Court denied plaintiff's motion on April 10, 2006. On May 2, 2006, plaintiff filed a notice of appeal and, on May 15, 2006, sought leave from this Court to pursue his appeal to the Second Circuit *in forma pauperis*. Plaintiff's motion for leave to proceed *in forma pauperis* was denied on May 15, 2006. The case was set for trial on several previous dates, each of which was adjourned.

B. Facts Relating to Calderon

On April 29, 1996, an answer to the complaint was filed by Corporation Counsel for the City of New York on behalf of all defendants. Plaintiff first requested to depose defendant Calderon on May 15, 1997. Corporation Counsel failed to produce defendant to be deposed, despite plaintiff's repeated requests. On February 2, 2004, Magistrate Judge Pollak issued an order requiring Calderon to appear for a deposition within two weeks or face the court's entry of a default judgment against him. Pursuant to Magistrate Judge Pollak's order, the Corporation Counsel agreed to produce Calderon for a deposition on February 17, 2004. Calderon did not appear for the scheduled deposition, and on February 19, 2004, the Corporation Counsel formally

---

[1] Although defendants refer to it as the March 15, 2004 order, it is dated March 11, 2004 and will be referred to as such in this Memorandum and Order.

2

moved to withdraw as counsel for Calderon.[2] On the same date, Magistrate Judge Pollak issued an order to show cause why the Corporation Counsel should not be relieved from its representation of Calderon. On March 5, 2004, Magistrate Judge Pollak granted the Corporation Counsel's motion to withdraw and recommended entry of a default judgment against Calderon. Shortly thereafter, on March 11, 2004, Judge Pollak issued a Report and Recommendation recommending that a default judgment be entered against Calderon, and that the remaining defendants be precluded from calling Calderon to testify at trial and the jury should be permitted to draw a negative inference from his failure to appear. On April 5, 2004, Judge Dearie adopted Magistrate Judge Pollak's Report and Recommendation "without qualification." (April 5, 2004 Order.)

On May 23, 2006, this Court issued a thirty-day order to show cause why a default judgment should not be entered against Calderon. The Corporation Counsel was instructed to serve a copy of the order on Calderon at his most recent address on file, and a copy was also mailed by the Court to the address listed for Calderon on the court docket, 370 Bushwick Avenue, Apt. 3B, Brooklyn, New York, 11206. On October 16, 2006, this Court issued an order permitting plaintiff to submit proposed language for a default judgment order. On October 27, 2006, plaintiff moved for default judgment against Calderon and submitted (1) a request to the Clerk of Court to enter default, (2) a proposed notation of default, (3) a proposed default judgment order, and (4) an affidavit in support of default judgment. To date, no default judgment has been entered.

In preparation for trial of the instant action, which had been re-scheduled for March 5, 2007, the Corporation Counsel retained a private investigator and requested that the investigator confirm that Calderon could not be located. (Goldenberg Decl. ¶ 12.) The private investigator provided the Corporation Counsel with a new phone number for Calderon, and the attorneys were finally able to contact him. (*Id.*) Upon meeting with Calderon, Corporation Counsel learned that all of the legal documents pertaining to the case had been mailed to Calderon at the correct street address, but did not reach him because they listed an incorrect apartment number. (*Id.* ¶ 13; Calderon Decl. ¶ 2.) According to defendant Calderon, as set forth in his declaration to the Court, there are additional residents living in the building who were also named Calderon, and none of these residents provided Calderon with correspondence relating to this case. (Goldenberg Decl. ¶ 14; Calderon Decl. ¶ 3.) In fact, defendant Calderon states that one of the residents who shares the name Calderon is elderly and has mistakenly taken mail from Calderon in the past. (Goldenberg Decl. ¶ 14; Calderon Decl. ¶ 3.) Calderon asserts that he has never received any correspondence from Corporation Counsel or from the Court, including notification of the requirement to appear for a deposition by February 18, 2004, and this Court's May 23, 2006 order to show cause why a default judgment should not be entered. (Calderon Decl. ¶¶ 4-6.) During a final pre-trial conference held before this

---

[2] Although the docket indicates that the Corporation Counsel initially moved to withdraw from its representation of Calderon on June 30, 2003, Judge Pollak noted in her February 2, 2004 order that "since counsel has not filed a formal motion to withdraw from further representation of Calderon, he is still represented by the Law Department." (February 2, 2004 Order.)

Court on February 13, 2007, defendants explained to the Court that they had located Calderon and requested permission to file the instant motion to oppose the entry of a default judgment and to vacate the March 11, 2004 order as it relates to Calderon. On March 6, 2007, Corporation Counsel filed a Notice of Appearance on Calderon's behalf, along with the instant motion. Calderon also filed a declaration in which he requests that the Court now permit him to show cause why a default judgment should not be entered, that the Court decline to enter a default judgement against him, and that the Court vacate the March 11, 2004 order. (Calderon Decl. ¶ 7.)

II. MOTION FOR ENTRY OF DEFAULT

A. Standard of Review

Federal Rule of Civil Procedure 55 sets forth the procedural steps for obtaining and vacating an entry of a default judgment. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default." Following entry of default upon the plaintiff's request, a defendant may seek to set aside the entry of default pursuant to Rule 55(c). *See, e.g., Meehan v. Snow*, 652 F.2d 274, 276 n.5 (2d Cir. 1981) ("Entering a default pursuant to Rule 55(a) and affording a defendant an opportunity to move to vacate it pursuant to Rule 55(c) is the preferable course."). If a Rule 55(c) motion is not made or is unsuccessful, and if no hearing is necessary to determine damages, a default judgment may be entered by the court or by the clerk. *Id.* at 276. Where, as here, entry of default has not yet been filed and defendants oppose the plaintiff's motion for default judgment, a district court must still apply the Rule 55(c) standard for setting aside the entry of a default. *Id.* at 276. Under Rule 55(c), the court may set aside an entry of default "[f]or good cause shown." Fed. R. Civ. P. 55(c). Thus, although no formal entry of default has been made in this case, the same standard will be applied here and good cause "should be construed generously." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (citations omitted).

The factors to be considered in deciding whether to relieve a party of a default under Rule 55(c) are (1) "'whether the default was willful,'" (2) "'whether setting it aside would prejudice the adversary,'" and (3) "'whether a meritorious defense is presented.'" *Comm. Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1994) (quoting *Meehan*, 652 F.2d at 276). The Court is also permitted to consider relevant equitable factors, including whether failure to appear "was 'a mistake made in good-faith and whether the entry of default would bring about a harsh or unfair result.'" *Brown v. Gabbidon*, No. 06-CV-8148 (HB), 2007 U.S. Dist. LEXIS 35134, at *8 (S.D.N.Y. May 15, 2007) (quoting *Enron Oil Corp.*, 10 F.3d at 96). "Default judgments 'are generally disfavored and are reserved for rare occasions.'" *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (quoting *Enron Oil Corp.*, 10 F.3d at 98 ("[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party.")). "The dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Enron Oil Corp.*, 10 F.3d at 95 (citing *Action S.A. v. Marc Rich*

4

*& Co.*, 951 F.2d 504, 507 (2d Cir. 1991); *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983)).

## B. Discussion

As set forth below, after carefully analyzing the circumstances of this case under the above-referenced standard, the Court concludes that a default judgment is unwarranted. The Court will analyze the relevant factors in turn.

### (1) Willfulness

Defendants contend that Calderon's failure to appear in the instant action was not willful. In response, plaintiff argues that Calderon willfully avoided his responsibility to appear. As discussed below, the Court finds no evidence in the record to support that Calderon's failure to appear in court or at his deposition was willful, as opposed to being the result of mistake or negligence.

"'Willfulness,' in the context of a default . . . refer[s] to conduct that is more than merely negligent or careless." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (citing *Enron Oil Corp.*, 10 F.3d at 97 (failure to answer second amended complaint not willful if *pro se* defendant did not receive complaint)) (additional citations omitted); *accord Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 60 (2d Cir. 1996) (requiring "bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or a litigant's error").

According to Calderon, he did not receive notice of the Court's February 2, 2004 order requiring him to appear for a deposition, nor did he receive the Court's May 23, 2006 order to show cause why a default judgment should not be entered against him. (Calderon Decl. ¶¶ 1, 5-7.) Calderon explains that, had he known that his appearance at a deposition was necessary, he would have made himself available to be deposed. (*Id.* ¶ 4.) Likewise, Calderon declares that he would have appeared in opposition to the May 23, 2006 order to show cause had he known about it. (*Id.* ¶ 6.) Calderon emphasizes that his repeated failure to appear in this action as required by the Court was not intentional, but resulted from a failure to receive notice of court orders. (*Id.* ¶¶ 4, 7.)

Plaintiff attempts to refute defendants' assertions by arguing that (1) Calderon received mail sent to the same address – minus the apartment number – that was used to send the relevant documents from this case to him; (2) on two occasions, correspondence sent by certified mail to Calderon was returned to the Law Department without any indication that the address was insufficient, or that the mail was undeliverable; (3) Calderon failed to appear at a March 5, 2004 conference before Judge Pollak to address Corporation Counsel's motion to withdraw as counsel for Calderon; and (4) previous statements of defendants' counsel indicate that Calderon did appear in the action at some point. (Pl.'s Resp. to Defs.' Decls., at 1-6.; Pl.'s Br., at 8-16.)

The Court has considered the conclusory and speculative arguments by plaintiff on the willfullness issue and concludes that nothing submitted to the Court by plaintiff undermines Calderon's statement in his declaration that he did not receive the various court documents at issue and that his failure to appear was not willful. In any event, even if plaintiff were able to create ambiguity on this issue, under the lenient standard of Rule 55(c), the Court

5

must resolve any doubt about Calderon's willfulness in his favor. *Enron Oil Corp.*, 10 F.3d at 98.

Accordingly, given the lack of clear evidence of a willful failure to appear in this case, this factor weighs heavily in Calderon's favor.

### (2) Prejudice to Plaintiff

The Court must also consider the extent of the prejudice that plaintiff would suffer if a default judgment were not entered. A plaintiff may demonstrate prejudice by showing that his "'ability to pursue the claim has been hindered since the entry of the judgment' or by 'the loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *Brown*, 2007 U.S. Dist. LEXIS 35134, at *10 (quoting *Farrell v. Cty. Van & Storage, Inc.*, No. 96-CV-1174 (ILG), 1996 WL 705276, at *3 (E.D.N.Y. Nov. 25, 1996)). As no entry of default has been made in this case, the Court shall consider the delay in plaintiff's ability to pursue the claim since April 5, 2004, when this Court adopted the Report and Recommendation stating that default should be entered against Calderon.

Defendants argue that "delay alone" is insufficient to establish prejudice, and that plaintiff cannot demonstrate that any additional harm – fraud or collusion, increased difficulty of discovery or loss of evidence – has weakened plaintiff's case. (Defs.' Br., at 6 (citing *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983); *Time Warner Cable v. Cabada*, No. 97-CV-4172 (SJ), 1997 U.S. Dist. LEXIS 23867, at *2 (E.D.N.Y. Dec. 31, 1997)).) Defendants also assert that any potential prejudice with regard to discovery is mitigated by the fact that Calderon is "prepared to make [himself] available to be deposed by plaintiff, and will cooperate with [his] attorney in all respects." (Calderon Decl. ¶ 8.)

Plaintiff asserts that he has, in fact, been prejudiced by counsel's alleged misconduct in withholding documents relating to Calderon, misrepresenting the facts relating to Calderon, and causing the plaintiff to expend time and effort towards the instant litigation without full discovery. (Pls.' Br., at 17-20.)

Although the Court recognizes that plaintiff has had to expend time and effort during the course of this litigation addressing the issue of Calderon's non-appearance, the Court is unaware of any substantive prejudice to plaintiff caused by the non-appearance. The trial in this lawsuit has not yet occurred and, in fact, has been previously adjourned on other occasions because plaintiff desired additional time to prepare. Moreover, although Calderon's deposition will need to take place and some additional document discovery could potentially result in connection with that deposition, any short delay required to allow that to take place prior to the trial is not prejudicial to plaintiff under the circumstances. In fact, plaintiff has complained to the Court on prior occasions that Calderon is a critical defendant in this lawsuit and Calderon's non-appearance and unavailability as a witness was going to significantly hinder his ability to present his case to the jury. Thus, the deposition and Calderon's availability as a witness will now allow the plaintiff to have an opportunity to fully present his case to the jury against all defendants. Accordingly, the lack of prejudice to the plaintiff – both from the delay resulting from Calderon's non-appearance and from the delay resulting from a postponement of the trial – militates in favor of granting

Calderon's request.

### (3) Meritorious Defense

With regard to the meritorious defense factor of Rule 55, the Second Circuit has held:

> A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense.

*Enron Oil Corp.*, 10 F.3d at 98 (internal citations omitted); *accord McNulty*, 137 F.3d at 740; *Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf*, No. 05-CV-10098 (CSH), 2006 U.S. Dist. LEXIS 72711, at *3-*4 (S.D.N.Y. Oct. 4, 2006) ("[T]o show the meritorious defense required by a Rule 55(c) application for relief 'a defendant must go further than alleging that a defense exists. Instead, the defendant must allege specific facts that, if proved at trial, would constitute a defense to the claim asserted.'") (quoting 10 James Wm. Moore et al., *Moore's Federal Practice* § 55.50 [1] [b][ii] (3d ed. 2005)). In terms of evidence, defendants argue that Calderon, as he indicated in his declaration, "will testify at trial that he did not subject plaintiff to excessive force, false arrest or malicious prosecution." (Defs.' Br., at 7 (citing Calderon Decl. ¶ 8).) If Calderon's anticipated testimony that he did not subject plaintiff to excessive force, false arrest, and malicious prosecution is fully credited by a jury, it would constitute a complete defense. Although Calderon does not provide any details regarding his anticipated testimony in his declaration and thus such a statement is not a strong factor in his favor, the Court nevertheless believes that his complete denial of any wrongdoing in the declaration, in light of the other circumstances described herein and the case as a whole, is sufficient for purposes of Rule 55 for the Court to conclude that it would be unfair to deprive him of an opportunity to present his defense in court, regardless of whether it will ultimately carry the day with the jury.

### (4) Equitable Factors

Based upon the fact that Calderon has affirmed that his failure to appear was the result of a good-faith mistake caused by confusion at his address, and because entry of default would result in "a harsh or unfair result" by denying Calderon the opportunity to defend the action on the merits, the balance of equities also weigh heavily in favor of declining to enter a default judgment. *Altamirano v. Copaiague Funding Corp.*, No. 06-CV-1751 (PCD), 2007 U.S. Dist. LEXIS 30310, at *9 (D. Conn. Apr. 25, 2007) (holding that denial of opportunity to litigate merits of case constituted "harsh or unfair result").

In sum, as the Court finds that the Rule 55 factors and equitable considerations as a whole overwhelmingly weigh in favor of declining to enter a default judgment against Calderon, the Court denies plaintiff's motion for a default judgment and will allow Calderon to fully participate in the lawsuit, including the trial, with Corporation Counsel representing him.[3]

---

[3] The Court notes that, even if the Court treated the default judgment issue as falling within the confines of Rule 60 as involving the vacating of an order regarding the entry of a default judgment, the Court would also take into account the same

7

### III. MOTION TO VACATE PRIOR ORDER

Given the circumstances outlined above, defendants also move to vacate the March 11, 2004 order precluding Calderon from testifying at trial, and permitting the jury to draw an adverse inference from his failure to appear. As set forth below, that relief is appropriate in light of the changed circumstances described *supra* and the Court's decision not to grant plaintiff's motion for a default judgment against Calderon.

A court may vacate or modify a final judgment or order pursuant to Federal Rule of Civil Procedure 60(b) for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

To the extent that defendants' motion relies upon Rule 60(b)(1), (2) or (3), such motion is time-barred. Rule 60(b) ("The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."). However, the Court finds that, under Rule 60(b)(5), the instant decision to deny plaintiff's motion for default judgment, based upon the information submitted to the Court in connection with Calderon's motion, eliminates the basis for the March 11, 2004 order. In other words, because the Court no longer endorses entry of a default judgment against Calderon due to the changed circumstances discussed in detail *supra*, it is no longer equitable to permit the prohibition on Calderon's testimony at trial and the application of an adverse inference regarding Calderon to be made by the jury. Fed. R. Civ. P. 60(b)(5). Therefore, defendants' motion to vacate the March 11, 2004 order is granted.[4]

### IV. CONCLUSION

For the foregoing reasons, defendants' motion to file a late opposition to plaintiff's motion is GRANTED. Plaintiff's motion for default judgment against defendant Calderon is DENIED. Defendants' motion to vacate the Court's March 11, 2004 order is GRANTED.

---

factors considered with regard to Rule 55, and find, for the reasons stated *supra*, that these factors weigh in favor of vacating this Court's prior order. *See, e.g., New Card, Inc. v. Glenns*, No. 00-CV-4756 (RMB), 2004 U.S. Dist. LEXIS 4286, at *13 (S.D.N.Y. Mar. 18, 2004) ("Because [defendant's] Rule 60(b) motion involves a default judgment, the Court has also taken into account [the Rule 55 factors].") (citing *Silverman v. RTV Comm'ns Group, Inc.*, 2002 U.S. Dist LEXIS 5288 (S.D.N.Y. Mar. 28, 2002)).

[4] Plaintiff also argues that Abigail Goldenberg, of the New York City Law Department, should not be permitted to represent Calderon, having withdrawn from such representation earlier in the litigation. (Pl.'s Br., at 27-28.) In addition, plaintiff claims that Ms. Goldenberg is not authorized to practice before this Court. (*Id.*) Both of plaintiff's arguments are entirely without merit. Therefore, plaintiff's request is denied, and the Court finds that Ms. Goldenberg may properly represent Calderon in this action.

8

In addition, the April 5, 2004 order is modified to the extent it suggests that a default judgment should be entered against Calderon. The Clerk of Court shall not file entry of default in this case.

The parties shall appear at a date and time scheduled by Magistrate Judge Pollak to discuss the scheduling of a deposition for defendant Calderon.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: August 14, 2007
Central Islip, New York

\* \* \*

Plaintiff appears *pro se*. The attorney for defendants is Michael A. Cardozo, Corporation Counsel of the City of New York, by Abigail L. Goldenberg, New York City Law Department, 100 Church Street, New York, New York 10007.